**Gerald Cornelius ELDRIDGE, Petitioner–Appellant**

v.

**William STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

No. 13–70023.

United States Court of Appeals, Fifth Circuit.

July 2, 2015.

Lee Harper Wilson, Counsel, Houston, TX, Lee Benjamin Kovarsky, Esq., University of Maryland Law School, Baltimore, MD, for Petitioner–Appellant.

Jennifer Wren Morris, Office of the Attorney General, Austin, TX, for Respondent–Appellee.

Before STEWART, Chief Judge, and OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM: *

We deny the petition for rehearing filed by the Appellant. However, we withdraw the opinion that was issued January 16, 2015, and substitute the following opinion:

Gerald Cornelius Eldridge seeks a certificate of appealability (COA) on the issue of his competence to be executed under *Ford v. Wainwright*[1] and *Panetti v. Quarterman*.[2] We conclude that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[3] Accordingly, we grant the request for a COA on the issue of Eldridge's competence to be executed and more specifically grant his request to appeal (1) the January 31, 2013 Memorandum and Order dismissing Eldridge's Amended Petition for a Writ of Habeas Corpus; (2) the June 28, 2013 Order denying Eldridge's motion to Alter Judgment; and (3) the August 28, 2013 Order denying Eldridge's Motion to Reopen Judgment.

The issues in this case have been briefed extensively in conjunction with the application in this court for a COA. Eldridge's appellant's brief should be filed on or before July 30, 2015. The response of the State shall be filed on or before August 28, 2015. Eldridge's reply brief shall be filed no later than 20 days after the date that the State's response is filed.

\*        \*        \*

Eldridge's application for a COA is GRANTED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986).

2. 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007).

3. *Hearn v. Thaler*, 669 F.3d 265, 271 (5th Cir.2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).